OPINION *Page 2 
{¶ 1} Defendant, Randall Alcorn, appeals from his convictions for receiving stolen property, R.C. 2913.51(A), and having weapons under disability, R.C. 2923.13(A)(3), and the sentences imposed for those offenses pursuant to law, which were entered on Alcorn's pleas of no contest following *Page 3 
the trial court's denial of his Crim.R. 12(C)(3) motion to suppress evidence.
 {¶ 2} On November 25, 2005, at about 10:20 p.m., Miamisburg police officer Michael Aiken stopped a van for a license plate light violation. Upon investigation, Officer Aiken learned that the driver, who was not the registered owner, lacked driving privileges, and that Florida warrants for the arrest of the front-seat passenger, Cynthia Lydic, were outstanding.
 {¶ 3} After another officer, Officer Kokenge, arrived, Officer Aiken removed Lydic from the van and put her in his police cruiser. Having seen some movement in the rear seat area of the van, Officer Aiken then returned to the van and knocked on the sliding door. The door opened, revealing two men who were seated in the second row seats: Brian Jiminez and Randall Alcorn, the Defendant herein. Officer Aiken also observed a shotgun case on the back seat of the van.
 {¶ 4} Officer Aiken asked the driver if there was a gun in the van, and the driver responded that there was. Officer Aiken asked for permission to search the van, and the driver consented. No one else in the van objected, and after all were removed, police searched the van.
 {¶ 5} The search revealed several guns inside a blanket on *Page 4 
the floor of the van between the second row of seats where Defendant Alcorn and Brian Jiminez had been sitting. Ammunition for a twelve-gauge shotgun was found inside the gun case. All four occupants of the van were arrested on weapons charges. The driver revealed that the guns police found had been stolen.
 {¶ 6} Defendant Alcorn was charged with carrying concealed weapons, having weapons while under disability, and receiving stolen property. He filed a motion to suppress evidence seized in the police search of the van. (Dkt. 14). The trial court denied the motion, holding that as a mere passenger in the van, Defendant lacked standing to challenge the search for a Fourth Amendment violation.
 {¶ 7} After the State dismissed the CCW charge, Defendant entered negotiated pleas of no contest to having weapons under disability and receiving stolen property and was convicted on his pleas. The trial court sentenced Defendant to two consecutive one year prison terms. Defendant filed a timely notice of appeal.
ASSIGNMENT OF ERROR
 {¶ 8} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY OVERRULING HIS MOTION TO SUPPRESS EVIDENCE."
 {¶ 9} In State v. Carter (1994), 69 Ohio St.3d 57, the *Page 5 
Supreme Court of Ohio adopted verbatim an opinion of this court and held that both passengers in and the driver of a vehicle stopped by law enforcement officers for investigative purposes have standing to challenge the legality of the stop on Fourth Amendment grounds. The Supreme Court of the United States has more recently agreed.Brendlin v. California (2007), 127 S.Ct. 2400. Therefore, the trial court erred when it denied the Crim.R. 12(C)(3) motion that Defendant filed on a finding that he lacked standing to prosecute the violation of this Fourth Amendment right alleged.
 {¶ 10} Nevertheless, in its written decision (Dkt. 19) the trial court went on to address the grounds for suppression argued in Defendant's motion, and the court found that the vehicle was lawfully stopped perDayton v. Erickson, 76 Ohio St.3d 3, 1996-Ohio-431, that the driver consented to a search of his vehicle, that the search was performed pursuant to the driver's consent, and that the guns found between the seats where Defendant and another man were seated presented probable cause for their arrests.
 {¶ 11} Defendant argues that the trial court erred in its findings concerning the validity of the search because, after Lydic was removed from the vehicle and arrested, there was no further basis to detain the vehicle and those inside. *Page 6 
 {¶ 12} When a law enforcement officer stops a vehicle for a traffic violation, the officer may detain the motorist for a period of time sufficient to issue the motorist a citation, and to perform routine procedures such as a computer check on the motorist's driver's license, registration, and vehicle plates. The duration of a traffic stop may last no longer than is necessary to resolve the issue that led to the original stop, absent some specific and articulable facts that further detention was reasonable. State v. Brown (July 30, 2004), Montgomery App. No. 20336, 2004-Ohio-4058.
 {¶ 13} This detention began as a traffic stop, but its circumstances were altered by the discovery of outstanding arrest warrants for one of the passengers, Lydic. Officers were authorized by that discovery to remove the two rear seat passengers, as well. Maryland v. Wilson (1997),519 U.S. 408, 117 St. 882, 137 L.Ed.2d 41. When they did, Officer Aiken saw a gun case in the vehicle, and the driver confirmed that there was a gun in the vehicle. That presented the officers with specific and articulable facts that made the further detention reasonable.Brown. The consent to search the vehicle that the driver gave during the further detention made the search and the seizure of weapons found as a result reasonable.
 {¶ 14} The assignment of error is overruled. The judgment *Page 7 
of trial court will be affirmed.
BROGAN, J. And WALTERS, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1